MICHAEL R. PFEIFER SBN 072245
JAMES P. FINERTY SBN 115611
ANNABELLE DE LA MORA SBN 117649
PFEIFER & REYNOLDS, LLP
765 The City Drive, Suite 380
Orange, CA 92868
Tel:   (714) 703-9300
Fax:   (714) 703-9303
Email: mpfeifer@pfeiferlaw.com

Attorneys for Plaintiff Countrywide Home Loans, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., a New York corporation;<br><br>Plaintiff,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas corporation; and DOE 1 through DOE 20, inclusive,<br><br>Defendants. | Case No. C 07-04047 EMC<br><br>**STIPULATION FOR PROTECTIVE ORDER BETWEEN COUNTRYWIDE HOME LOANS, INC. AND STEWART TITLE GUARANTY COMPANY AND [PROPOSED] ORDER THEREON** |

The initial disclosure requirements of Rule 26(a) and subsequent discovery proceedings in this action will require the parties to produce certain documents which may contain confidential, personal, or private information subject to the privacy rights of the parties or of non-parties. In order to provide for the production and protection of the requested documents, as well as the protection of the rights of those whose information may be contained within the documents to be produced, the parties hereby stipulate to the following protective order:

1

NOW THEREFORE, subject to the approval of this Court, Plaintiff Countrywide Home Loans, Inc. and Defendant Stewart Title Guaranty Company, by and through their respective counsel, hereby stipulate to the following protective order:

1. In connection with formal and informal discovery proceedings in the above-referenced action (hereinafter, "Action"), the parties may designate any document, thing, material, testimony or other information derived therefrom, as "CONFIDENTIAL" under the terms of this Stipulation for Protective Order (hereinafter, "Order"). Confidential information is information which has not been made public and which includes the personal financial or other private information of third parties, including without limitation information relating to their income, assets, liabilities, bank accounts, credit score, home and work information, and other personal and private information, which may have the effect of causing harm to the parties or violate their privacy rights if disclosed. Confidential information is also information which has not been made public and which may include without limitation the processes, operations, type or work, or apparatus, or the production, sales, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, expenditures of any persons, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation if disclosed.

By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation.

2. Confidential documents shall be so designated by stamping copies of the documents produced to a party with the legend "CONFIDENTIAL" or by designating the documents with the word "CONFIDENTIAL" through some other means, including, for example, writing the words "CONFIDENTIAL" on a CD disk or typing it on the front of a CD disk cover.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing each proceeding to

separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter, "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of the above-referenced action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of the Action;

    (b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of the Action;

    (c) court reporter(s) employed in the Action;

    (d) a witness at any deposition or other proceeding in the Action; and

    (e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment "A," a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. Depositions shall be taken only in the presence of qualified persons.

7. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter, "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed or

ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in the Action, whether or not material is also obtained through discovery in the Action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in the Action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the rights of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to the Action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of the Action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed

thereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material, and deposition transcripts designated as Confidential or Attorney's Eyes Only Material and all copies of same, or shall certify the destruction thereof.

Dated: November 19, 2007        PFEIFER & REYNOLDS, LLP

By: _____
MICHAEL R. PFEIFER, ESQ.
JAMES P. FINERTY, ESQ.
ANNABELLE DE LA MORA, ESQ.
Attorneys for Countrywide Home Loans, Inc.

Dated: November 20, 2007        ALBORG, VEILUVA & EPSTEIN LLP

By: _____
MICHAEL J. VEILUVA, ESQ.
DARRELL C. MARTIN, ESQ.
Attorneys for Defendant
STEWART TITLE GUARANTY COMPANY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: November ____, 2007

_____
JUDGE OF THE UNITED STATES DISTRICT COURT