1  MICHAEL R. PFEIFER SBN 072245
   JAMES P. FINERTY SBN 115611
2  ANNABELLE DE LA MORA SBN 117649
   PFEIFER & REYNOLDS, LLP
3  765 The City Drive, Suite 380
   Orange, CA 92868
4  Tel:   (714) 703-9300
   Fax:   (714) 703-9303
5  Email: mpfeifer@pfeiferlaw.com

6  Attorneys for Plaintiff Countrywide Home Loans, Inc.

7  MICHAEL J. VEILUVA SBN 100419
8  DARRELL C. MARTIN SBN 191773
   ALBORG, VEILUVA & EPSTEIN LLP
9  200 Pringle Avenue, Suite 410
   Walnut Creek CA  94596
10 Tel:   (925) 939-9880
11 Fax:   (925) 939-9915
   Email: mveiluva@avelaw.com

12
   Attorneys for Defendant Stewart Title Guaranty Company
13

14                  UNITED STATES DISTRICT COURT

15               NORTHERN DISTRICT OF CALIFORNIA

16

17
   COUNTRYWIDE HOME LOANS, INC., a      )  Case No. C 07-04047 EMC
18 New York corporation;                )
                                        )
19              Plaintiff,              )  [UPDATED] JOINT CASE MANAGEMENT
                                        )  STATEMENT [Local Rule 16-10(d)]
20       v.                             )
                                        )
21 STEWART TITLE GUARANTY               )  DATE:   March 19, 2008
22 COMPANY, a Texas corporation; and DOE 1 )  TIME:   2:30 p.m.
   through DOE 20, inclusive,           )  PLACE:  Courtroom C, 15th Fl.
23                                      )
                                        )
24              Defendants.             )

25
        Plaintiff Countrywide Home Loans, Inc. ("Countrywide") and defendant Stewart Title
26
   Guaranty Company ("Stewart Title") hereby submit their [Updated] Joint Case Management
27
                                        1
28

Statement.  Those portions with reports of any progress and changes since the filing of the *Joint Initial Case Management Conference* are marked as follows:  **\*\*_Updated:_**

        1.    <u>Jurisdiction & Service.</u>  The Court has original subject matter over this civil action under 28 U.S.C. §1332.  The action was removed from state court based on the diversity of citizenship claims of defendant Stewart Title pursuant to 28 U.S.C. §1441(b).  No issues exist regarding personal jurisdiction or venue.  All named defendants have been served with the summons and complaint and have appeared in the action.  The fictitiously named DOE defendants have not been dismissed because Countrywide has not yet completed discovery and it respectfully reserves the right to name additional parties as defendants.

        2.    <u>Facts.</u>  Between December 2003 and December 2004, Countrywide contends that it purchased, for valuable consideration, certain residential mortgage loans from CHL Mortgage Group, Inc. ("CHL").  Among those loans was a purchase money loan in the principal amount of $490,000.00, secured by a deed of trust against certain real property commonly known as 1396 Tirol Drive, Incline Village, Nevada ("Subject Property"), and which was recorded on November 20, 2003 in Washoe County, Nevada as Instrument No. 2957063 ("Subject Deed of Trust").

        The borrower was Edward Batayeh, an officer and director of CHL.  Countrywide purchased this loan on or about December 19, 2003.  Countrywide contends that Mr. Batayeh executed his acknowledgment of receipt of notice of the assignment to Countrywide Document Custody Services, a division of Treasury Bank, N.A., interim assignee of the underlying mortgage loan.

        Countrywide holds one signed, but unrecorded assignment in the Subject Deed of Trust dated November 18, 2003 and two recorded assignments thereof.  The first recorded assignment was dated December 15, 2004 and recorded December 17, 2004.  The second recorded assignment was dated January 10, 2005 and recorded January 12, 2005.  No other assignments of the Subject Deed of Trust appear of record.

        Following Countrywide's purchase of the Subject Deed of Trust, it received the monthly payments due under the note.  The loan was paid current to December 1, 2004.  It was about that time that CHL's offices were raided by law enforcement and its business shut down.

2

1   On or about May 4, 2004, a subsequent deed of trust executed by Mr. Batayeh in favor of CHL

2   in the sum of $490,000.00, and secured by the Subject Property, was recorded. It is believed that it

3   was originated as a refinance loan, although no request for a payoff statement was made to

4   Countrywide, not did it receive any of the purported payoff funds. Countrywide is informed and

5   believed that this was a fraudulent and non-existent loan, originated solely for the purpose of selling it

6   on the secondary market in order to generate income for Mr. Batayeh and/or CHL. This refinance

7   deed of trust was sold by CHL to Chevy Chase Bank, and then to First Horizon. Despite the purported

8   refinance deed of trust, there is no recorded reconveyance of the Subject Deed of Trust.

9   It is Countrywide's contention that it acquired all right, title, and beneficial interest in the

10  purchase money loan in December 2003, and that such loan has not been paid off. It is further

11  Countrywide's contention that it is the successor insured under the lender's policy of title insurance

12  ("Policy") issued in connection with the origination of the purchase money loan and Subject Deed of

13  Trust. Stewart Title is the insurer under the Policy.

14  Stewart contends at this time that the originating lender, CHL, received proceeds from the April

15  2004 refinance, and that absent evidence of a recorded assignment at that time, the underlying debt was

16  satisfied.

17  On or about February 2, 2005, the creditors of CHL filed an involuntary Chapter 11 bankruptcy

18  case, later converted to Chapter 7. On or about May 12, 2005, the Chapter 7 Trustee filed an adversary

19  proceeding to, among other things, avoid the transfer of the Subject Deed of Trust from CHL to

20  Countrywide and other lenders and to quiet title to the real property acting as security for

21  Countrywide's deed of trust and the deeds of trust claimed by other lenders. Based on the challenge to

22  its title, Countrywide submitted a claim to Stewart Title under the Policy. Request was made that

23  Stewart Title indemnify and defend Countrywide. Stewart Title denied all coverage under the policy,

24  including defense coverage, on various grounds. Countrywide filed the instant lawsuit in response.

25  Principal Factual Issues. The parties agree the following factual issues are not in dispute: The

26  origination of the purchase money loan and the bankruptcy proceedings. The following factual issues

27  may be disputed: The bona fides of the loan, claim issues, policy exclusions and the assignment.

28

3

3.     Legal Issues.

*Countrywide's Legal Issues:*

(a)     Whether on or about December 15, 2003, Countrywide, by assignment, became the holder of the Note and the holder of the beneficial interest in the Subject Deed of Trust dated November 18, 2003;

(b)     Whether Countrywide, by virtue of said assignment, was, and is, the successor insured under the Policy;

(c)     Whether Countrywide took its beneficial interest in the Subject Deed of Trust without knowledge of, or claim of, any defect, lien, encumbrance, adverse claim or other matter affecting title to the Subject Property;

(d)     Whether the purported refinance loan secured by a deed of trust in favor of CHL (recorded May 4, 2004 as Instrument No. 3032767 against the Subject Property) paid off and extinguished the Subject Deed of Trust assigned to Countrywide by CHL in or about December 15, 2003, despite no funds having been paid to Countrywide;

(e)     Whether the Policy, as contended by Stewart Title, terminated under its own terms by virtue of the purported refinance payoff of the Subject Deed of Trust;

(f)     Whether the title defects upon which Countrywide bases its claim under the Policy existed at the time the Policy was issued and thus covered under the Policy;

(g)     Whether Countrywide, as the assignee of CHL, stands in the shoes of CHL (as to any knowledge or act of CHL as the original insured under the Policy) for purposes of Stewart Title invoking the exclusions listed in Paragraph 3(d) under the Policy;

(h)     Whether at the time of the denial of coverage there existed a "potential" for coverage under the Policy;

(i)     Whether Stewart Title is in breach of contract by denying Countrywide has coverage under the Policy;

(j)     Whether Stewart Title's denial of coverage under the Policy is unreasonable, and if so, did Stewart Title in bad faith violate the insurer's covenant of good faith and fair dealing;

4

(k)     Whether Countrywide is entitled to damages and if so, the amount;

(l)     Whether Countrywide is entitled to punitive damages.

*Stewart Title's Legal Issues:*

(a)     The status of Countrywide as "insured" under the Policy:  the fact and perfection of Countrywide's assignment of the CHL loan;

(b)     The existence of a bona fide loan as of the date of origination (absence of consideration);

(c)     Notice to Countrywide of loan defects;

(d)     Fraud in the inception;

(e)     Adequacy of claims presentation and proof of claim;

(f)     Applicability of policy exclusion for matters created, suffered or assumed by the insured;

(g)     Applicability of policy exclusion for matters arising after issuance of the Policy.

4.     <u>Motions</u>.  There are no motions pending.  Countrywide and Stewart Title each anticipate the filing of summary judgment motions.

5.     <u>Amendment of Pleadings</u>.  The parties do not currently plan to amend their pleadings. The parties reserve the right to do so after discovery is completed.

6.     <u>Evidence Preservation</u>.   Of concern to Stewart Title is the preservation of the original loan and assignment files in Countrywide's possession.  The parties are taking whatever actions are appropriate to preserve the evidence.

7.     <u>Disclosures</u>.  **__Update__:** *The initial disclosures required under Rule 26 were completed by the parties no later than December 31, 2007 as ordered by the Court.*

8.     <u>Status of Discovery</u>.  **__Update__:** *No formal discovery has been taken to date.  Pursuant to the Case Management and Pretrial Conference Order dated November 15, 2007, no formal discovery is allowed until further ordered after mediation.  The parties attended mediation (under the Alternative Dispute Resolution Program) on February 27, 2008, and a second mediation before the same mediator will be scheduled pursuant to the verbal agreement of the parties.  If the case cannot*

5

1  *settle at the subsequent mediation, the following discovery plan is anticipated by Countrywide for*

2  *itself:*

3      (a)     Special Interrogatories to Stewart Title Guaranty - Completion date:  September 1,

4  2008.

5      (b)     Requests for Admissions to Stewart Title Guaranty - Completion date:  September 1,

6  2008.

7      (c)     Request for Production of Documents to Stewart Title Guaranty/Stewart Title

8  Company/Stewart Title of Northern Nevada (if needed) – Completion date:  September 1, 2008.

9      (d)     Deposition of Stewart Title Guaranty's PMK – Completion date:  September 1, 2008.

10     (e)     Deposition of Martin Esparza – Completion date:  October 1, 2008

11     (f)     Deposition of Laurence Seidenfeld – Completion date:  October 1, 2008

12     (g)     Deposition of Bart Podgorski – Completion date:  October 1, 2008

13     (h)     All other third party witnesses – Completion date:  October 1, 2007

14     (i)     Subpoena of Documents to Chevy Chase Bank – Completion date:  October 1, 2008.

15     (j)     Subpoena of Documents to First Horizon – Completion date:  October 1, 2008

16     (k)     Subpoena of Documents to Placer Title Company – Completion date:  October 1, 2008

17     *Stewart Title anticipates the following discovery:*

18     (a)     ***Update**** Deposition of Countrywide's PMK with respect to the assignment of the

19  loan by CHL to Countrywide, by ***June 15, 2008***.

20     (b)     Deposition of Countrywide's PMK with respect to special/distressed/nonperforming

21  loans, by ***June 15, 2008***.

22     (c)     Deposition of Countrywide's PMK with respect to the servicing of the loan, by ***June***

23  ***15, 2008***.

24     (d)     Request for admissions and interrogatories to Countrywide, by ***June 15, 2008***.

25     (e)     Request for Documents to Countrywide, by  ***June 15, 2008***.

26     9.     <u>Class Actions</u>.  Not applicable.

27

28

6

10.    <u>Related Cases</u>.  **___Update___:  *There are currently no related cases involving coverage issues under the Policy.  The bankruptcy adversary case filed by the Trustee in the CHL Chapter 7 Case [Adversary Proceeding No. 05-4247 filed in the United States Bankruptcy Court, Northern District of California, Oakland Division] has been resolved as to the Subject Property and Countrywide.*

11.    <u>Relief</u>.  **___Update___:  *Countrywide settled the underlying adversary proceeding with the Bankruptcy Trustee, Chevy Chase Bank and First Horizon.  Pursuant to the court approved compromise, Countrywide was paid $433,583.17 from the net sale proceeds of the Subject Property.  This settlement amount is insufficient to payoff the full indebtedness due and owing to Countrywide under the note and Deed of Trust.  Countrywide seeks to recover from Stewart Title the remaining unpaid balance of the debt, plus its attorney's fees expended in defending against the adversary proceeding and in prosecuting the instant case against Stewart Title, and all other consequential damages proximately caused by Stewart Title's denial of Countrywide's tender of defense and refusal to indemnify Countrywide for its losses.  Lastly, Countrywide seeks an award of punitive damages against Stewart Title.*

12.    <u>Settlement and ADR</u>.  **___Update___:  *The parties attended mediation on February 27, 2008.  A second mediation before the same mediator will be scheduled pursuant to the verbal agreement of the parties.*

13.    <u>Consent to Magistrate Judge For All Purposes</u>.  The parties consent to the assignment of Magistrate Judge Edward Chen for all purposes.

14.    <u>Other References</u>.  Case not suitable for binding arbitration, special master, or Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing Issues</u>.  None needed at this time.  The parties will discuss narrowing the issues after discovery is completed.

16.    <u>Expedited Schedule</u>.  Not necessary.

7

1     17.    Scheduling.  **Update:** *Request is made that no deadlines be scheduled until after*

2  *September 30, 2008. The parties request that the Court schedule a further Case Management*

3  *Conference to allow them to conduct a second session with the appointed mediator.*

4     18.    Trial.  Countrywide requests a trial by jury.  Countrywide expects that the jury trial will

5  last for 5 to 7 days.  Stewart Title has not requested a jury.

6     19.    Disclosure of Non-party Interested Entities or Persons.

7     Countrywide filed a" Certification of Interested Entities or Persons" required by Civil Local

8  Rule 3-16.  Stewart has, to its knowledge, already done so.

9     20.    Other Matters.  None presently.

Dated: March  10 , 2008          PFEIFER & REYNOLDS, LLP

By:    *Annabelle de la Mora*
      MICHAEL R. PFEIFER, ESQ.
      ANNABELLE DE LA MORA, ESQ.
      Attorneys for Plaintiff Countrywide Home Loans, Inc.

Dated: March 10 , 2008          ALBORG, VEILUVA & EPSTEIN LLP

By:    _____
      MICHAEL J. VEILUVA, ESQ.
      DARRELL C. MARTIN, ESQ.
      Attorneys for Defendant Stewart Title Guaranty Company